# Exhibit 1

**Department of Workforce Development**
**Equal Rights Division**
Street Address
201 E. Washington Ave Rm A100
Madison, WI 53703
Telephone: (608) 266-6860
Fax: (608) 267-4592

Mailing Address:
PO Box 8928
Madison, WI 53708-8928



**STATE OF WISCONSIN**

Department of Workforce Development

**Tony Evers**, Governor
**Caleb Frostman**, Secretary

May 11, 2020

Complainant:
PETER A MARKGREN



vs.

Respondent(s):
SAPUTO CHEESE USA INC
1052 6TH ST
ALMENA WI 54805

ERD Case No.: CR202001076
EEOC Case No: 26G202000792C

The Equal Rights Division received the enclosed complaint alleging that the Respondent violated the Wisconsin Fair Employment Law. The parties will be notified by letter when an Equal Rights Officer is assigned to investigate the complaint.

**To the Respondent:**
Please provide a written response to this complaint, within 30 days of the date of this letter. Respond to each allegation in the complaint and, if appropriate, raise any jurisdictional or timely filing issues (300-day statute of limitations period). Explain areas where you disagree with the Complainant. Provide any information that supports your position including relevant documentation and comparative data. We ask that you redact any personal information such as social security numbers and home addresses for any others referenced in your response. Include the ERD Case Number, and if applicable, the EEOC Case Number shown above, on all correspondence. Send a copy of your position to the Complainant or the Complainant's attorney, if represented.

**Early Referral Mediation Program**
The Equal Rights Division has an Early Referral Mediation Program which provides the opportunity for mediation at all stages of the civil rights complaint process. This program offers the parties the opportunity for earlier, quicker and less costly resolution of a case. When both parties are interested in mediation, the case is assigned to an Administrative Law Judge/Mediator rather than being assigned for investigation to an Equal Rights Officer. If the Respondent is interested in exploring early resolution of this dispute, please notify the Division in writing and this case will be assigned to an Administrative Law Judge.

Please direct all correspondence and inquiries regarding this matter to the address above.

Sincerely,

Wisconsin Department of Workforce Development
Equal Rights Division

Enclosure(s)

cc:
PETER A MARKGREN

SAPUTO CHEESE USA INC
1052 6TH ST
ALMENA WI 54805


BETH A HUBER
HUBER LAW LLC
N1131 COUNTY RD L
WATERTOWN WI 53098

State of Wisconsin
Dept. of Workforce Development
Equal Rights Division

## Discrimination Complaint
## Wisconsin Fair Employment Law
Wis. Stat. §§ 111.31-111.395

**ERD Case #**
CR 2020-01076

For office use only

RECEIVED
2020 MAY -7 AM 8:19
DWD
EQUAL RIGHTS DIVISION

Authorization for this form is provided under Wis. Stat. § 111.39(1).

Personal information you provide may be used for secondary purposes [Privacy Law, Wis. Stat. § 15.04(1)(m)].

### READ instructions on page two FIRST then type or print in black ink.

## 1. Complainant Information

First Name: Dale
Middle Initial: A
Last Name: MarkGreen
Street Address/PO Box: ████████████
████████████  State / Zip Code ████
Telephone Number: 715.357.6202
E-Mail Address: berry2000_54805@yahoo.com

## 2. Respondent Information

The **company**, agency, or union you believe discriminated against you. Name only **ONE** Respondent per form. *Do not name an individual person as Respondent.*

Name: Saputo Cheese
Street Address/PO Box: 1052 10th ST
City: Almena   State: WI   Zip Code: 54805
Telephone Number: 715.352.3775
In what Wisconsin county did the violation take place? Barron

## 3. CHECK ONLY THE BOXES THAT WERE THE REASON FOR DISCRIMINATION

If you checked a box with an *, the statement in that box **must** be completed.
I believe the Respondent discriminated or took action against me because

| | | |
|---|---|---|
| ☐ of my race * which is | ☒ of my age (40 or older) * my date of birth is ████ 1964 | ☐ of my marital status * which is |
| ☐ of my color * which is | ☐ of my conviction record | ☐ of my military service |
| ☐ of my national origin/ancestry * which is | ☐ of my arrest record | ☐ of my use or nonuse of lawful products |
| ☒ of my sex * which is Male | ☐ of my sexual orientation * which is | ☐ of genetic testing |
| ☐ of my pregnancy or maternity | ☐ of my creed (religion) * which is | ☐ of polygraph testing |
| ☒ of my disability * which is Heart Condition, Back, Depression | ☐ I declined to attend a meeting or to participate in a communication about religious matters or political matters. | ☐ I filed a previous **discrimination complaint** with Equal Rights or testified or assisted with a discrimination complaint. Enter Case # CR |

☒ I opposed discrimination in the workplace (refer to instruction 2(c) on page 2 of this form)

☐ The Respondent printed or circulated, advertised or published a discriminatory statement

☐ The Respondent used a discriminatory application or made a discriminatory inquiry about prospective employment

## 4. Dates of discrimination (Required; estimate if unsure)

Date the discrimination began? mm/dd/yyyy: Late 2017 - 12-31-2019

Date of the most recent discrimination? mm/dd/yyyy: Dec. 31, 2019

☒ My employment was terminated on _____ (if applicable) 12.31.2019

¹ This form covers discriminatory actions alleged under §§ 111.322(1), (2), and (3) of the Wisconsin Fair Employment Law. Discriminatory actions alleged under § 111.322(2m) must be filed using form ERD-18359, "Retaliation Complaint."

ERD-4206 (R. 05/2018)

## 5. Statement of discrimination:

Write a brief, concise statement explaining how you were discriminated against.  Give the **date** each action occurred and the **name** of the person who took the action.  Explain how each action(s) was related to the box (es) you checked in section #3 on page one.

*See attached*

## 6. Certification and Signature

By my signature below, I certify that I have read the above complaint, and, under penalties of law, I declare that this complaint is true and correct to the best of my knowledge and belief.  I understand that this complaint is an open record and may be provided to the employer or others under the provisions of Wisconsin's Open Records Law.

| Signature of Complainant or authorized representative | Date signed |
|---|---|
| *Peter Mostgren* | 4-1-2020 |

Please complete Equal Rights Process Information Sheet on Page 4

Wednesday, April 1, 2020     4:05 PM

**Statement to EEOC and ERD**

I'd been employed by Saputo Cheese USA Inc. ("Saputo") since May 1987. I was notified on December 31, 2019 that I was terminated. I believe that I was terminated because of my (1) age, (2) my disabilities (heart condition and surgery, recent major back surgery and depression), (3) my gender and (4) in retaliation for having (i) complained about being harassed by younger employees since May 2019 and (ii) for taking needed family and medical leave time because I had back and another surgery on separate occasions.

Between 2016 and 2019 I had two major surgeries which required I take family and medical leave. The first surgery was on December 1, 2016 for bariatric surgery. I returned to work in approximately March or April of 2017. I underwent major back surgery on November 18, 2018 and returned to work in approximately May 2019.

Beginning in approximately mid to late 2017, my personal gear was being messed with. On several occasions, my personal protective clothing would be missing parts such as my face shield, my coat or other gear. A couple of times, including later in 2019, I found my locker was filled with coat hangers and a coat hanger had been wrapped around my padlock. After each incident, I complained to my supervisor, Shann Munson, of the harassment and told her that I believed Andy Selko, Matt Olson and Dylans Skow were the ones doing the harassing. They were recently hired or rehired and were much younger than I was. Ms. Munson always stated she'd investigate and take care of it. Yet the harassment continued through-out the remainder of my employment.

On December 28, 2019, the tower in one of the cheese making machines plugged up. No standard had been set by the company as how best to unplug it when this happened. I successfully cleaned out the tower so it was running again and began cleaning up the excess cheese which had fallen to the floor. I did so by washing the floor down. After starting the first hose running, I went to start a second hose. When I returned to the first hose, I found that it had been shut off. I went to ask Anthony Selko, who was the only individual standing close-by and who had a pliers in his pocket (which was needed to turn the water on and off), why he'd shut it off. He denied doing so. Then Dylans walked up to me, started yelling at me and told me to go back to work at the other end of the building. I told him that I wasn't talking to him. Dylans became angrier and started yelling. After telling Dylans that I did not understand his anger towards me, I went to the other end and called Ms. Munson on the radio. I told her that I had to get out of there because my heart was racing, I was sweating and didn't feel right and it was not safe for me to stay there. Ms. Munson told me to "go". Ms. Munson knew that I'd had major heart issues including heart stents (that were put in in 2012 and 2013) and heart surgery within the past year. Saputo also knew that I was taking medications for my heart and blood pressure as well as depression medication. I told her that I'd return to work the next day, Sunday December 29, 2019. I then left. Later that same day Ms. Munson called me and told me not to come to work the next day because Human Resources was looking into what had happened earlier.

On December 29, 2019, Julia Schurman from Human Resources, called me and asked me what had happened the day before. I told her that the tower had plugged, the hose had been shut off by Anthony Selko and between that and the other harassment that I'd endured that I had to get out of there because I was not feeling well because of my heart. I also told her that I'd been sweating profusely and wasn't feeling right. I then told her that it was not good for me to be in this continuing environment with my heart condition. She knew about my two recent surgeries and heart condition. She said she'd get back to me.

On December 30, 2019, I called the company to check on my return to work and was told that they hadn't decided what they were going to do yet.

On December 31, 2019 at approximately 4:30 p.m., another female from Human Resources called and we had a 3-way call which included Jim Burdick who was the supervisor on the night shift. The call was

short. This individual, whose name I do not remember, told me that my employment was terminated. I asked her why and she refused to answer my question. I told them that I did not believe that I should have been terminated because I didn't do anything wrong. I also told them that I'd never been told the allegations against me. She responded that the decision had been made. The conversation ended

A couple of days later I went down to the plant to obtain a copy of my personnel file. It included a termination letter that was silent as to the reason for my termination and which I've included with my complaint.

After I was terminated, I learned that I'd been replaced by a much younger female who I'd been training on how to run the equipment.

Of note: Another older male employee who had been a supervisor, Gordon Gonske, had been terminated for false reasons approximately two months before I was. I do not know his exact age but believe he was older than I.

I also learned that another male, Daryl Sprohschein who'd been employed for 36 years, had recently been terminated.

Thus, I believe there is a pattern of terminating older male employees at the Saputo factories in Almena.


Depression meds? I told them that taking depression meds — Joanna Nihu last month she said should have been a medical record file on me — gave list of all medications

Take them at work — heart/blood pressure — knew about heart and stints

Letter from Doug — standing end of machine — run into Dillon -

Came back in May 2019 — returned from back surgery — all spring, summer long

Off back surgery November 2018

Peter Markgren    4-1-2020



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Milwaukee Area Office**

310 West Wisconsin Avenue, Suite 500
Milwaukee, WI 53203-2292
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Milwaukee Status Line: (866) 408-8075
Milwaukee Direct Dial: (414) 297-1112
TTY (414) 297-1115
FAX (414) 297-4133 & 3146
Website: www.eeoc.gov

# NOTICE TO RESPONDENT

## YOUR CHARGE OF EMPLOYMENT DISCRIMINATION HAS BEEN DUAL-FILED WITH THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION (EEOC).

While EEOC has jurisdiction to investigate this charge (upon expiration of any deferral requirement if this is a charge filed pursuant to Title VII of the Civil Rights Act of 1964, as amended (Title VII), the Americans with Disabilities Act (ADA), as amended or the Genetic Information Non-discrimination Act (GINA), EEOC may suspend its investigation and await the issuance of the Wisconsin Equal Rights Division's (ERD's) final findings and orders. These findings and orders will be given weight by EEOC in making its own determination as to whether reasonable cause exists to believe that discrimination has occurred.

You are therefore encouraged to cooperate fully with the ERD. All facts and evidence provided by you to the Agency will be considered by EEOC when it reviews the Agency's final findings and orders. In many cases EEOC will take no further action, thereby avoiding the necessity of an investigation by both the Agency and EEOC. This likelihood is increased by your active cooperation with the Agency.

As a party to the charge, you may request that EEOC review the final findings and orders of the ERD. For such a request to be honored, you must notify EEOC in writing within 15 days of your receipt of the Agency's final decision and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by EEOC.

Regardless of whether the ERD or EEOC processes the charge, the Recordkeeping and Non-Retaliation provisions of the statutes apply. EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the Equal Pay Act (EPA); and 29 CFR Part 1627, for the Age Discrimination in Employment Act (ADEA). These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14. Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

Federal laws enforced by EEOC provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes.