# EXHIBIT F

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

PETER MARKGREN and  
DARYL STROHSCHEIN,

Case Code: 3:21-CV-00429-jdp

      Plaintiffs,

v.

SAPUTO CHEESE USA INC.

      Defendant.

---

## PLAINTIFF DARYL STROHSCHEIN'S OBJECTIONS AND RESPONSES TO DEFENDANT SAPUTO CHEESE USA, INC.'S FIRST SET OF SPECIAL INTERROGATORIES

---

NOW COMES the Plaintiff, Daryl Strohschein ("Plaintiff"), by and through his attorneys, Huber Law LLC, and responds to Defendant Saputo Cheese USA, Inc.'s First Set of Special Interrogatories to Plaintiff , as follows:

### GENERAL OBJECTIONS

    The following General Objections are applicable to, and hereby incorporated by reference into, each of Plaintiff's responses to the Discovery Requests. Plaintiff's provision of a response is not intended to waive any of these objections.

    1.    Plaintiff objects to each and any Discovery Request that is overly broad, vague, ambiguous, unduly burdensome, or that seeks information that is not relevant to the claims or defenses in this matter or proportional to the needs of the case.

    2.    Plaintiff objects to each Discovery Request that fails to provide a relevant time period for the request on the ground that such failure makes the request compound, vague, overly

broad, and unduly burdensome and seeks information which is irrelevant. Unless otherwise indicated, Plaintiff's responses are limited to the relevant time period.

3. Plaintiff objects to each and any Discovery Request that seeks confidential information regarding Plaintiff's current and former employers without his knowledge or consent.

4. Plaintiff objects to the Discovery Requests to the extent they purport to impose obligations on Plaintiff inconsistent with or additional to those imposed by the Federal Rules of Civil Procedure.

5. Plaintiff objects to the Discovery Requests to the extent they purport to demand information not in his possession, custody, or control or to require Plaintiff to undertake efforts to respond to the Discovery Requests that are not proportional to this matter and/or not reasonably calculated to ascertain information responsive to one or more of the specific requests.

6. Plaintiff objects to the Discovery Requests to the extent they call for information that is protected from discovery by the attorney-client privilege, work product doctrine, or any other applicable privilege. Plaintiff thus objects to divulging any such information in response to such requests. To the extent any such information is or may be divulged in response to the Discovery Requests, the divulging of any such information is inadvertent and is not to be deemed a waiver of the privilege in question (or any other applicable privilege) with respect to the divulged information or any other information.

7. Plaintiff objects to the Discovery Requests to the extent they call for the disclosure of information which is barred by law or which would invade the legitimate privacy interests of Plaintiff and other third parties. Defendant thus objects to divulging any such information in response to such requests. To the extent any such information is or may be divulged in response to the Discovery Requests, the divulging of any such information is inadvertent and is not to be deemed a waiver of the objection in question (or any other objection) with respect to the divulged information or any other information.

8. Plaintiff objects to divulging any information falling within one of the General Objections set forth herein or any of the specific objections contained in the responses set forth below. To the extent any such information is or may be divulged in response to the Discovery Requests, the divulging of such information is inadvertent and is not to be deemed a waiver of the objection in question (or any other objection) with respect to the divulged information or any other information. Moreover, Plaintiff's responses to the Discovery Requests and the information divulged therein are being provided without waiver or prejudice to Plaintiff's right, at any other time, to raise objections to: (a) any further demand for discovery involving or relating to the matters raised in the requests; or, (b) the relevance, materiality or admissibility of (i) the discovery requests, or any part thereof, (ii) statements made in these responses and objections to the Discovery Requests, or any part thereof, and/or (iii) any information divulged in these responses and objections.

9. Plaintiff objects to the Discovery Requests to the extent they purport to demand production of any documents containing confidential or proprietary information. To the extent such information is requested and is relevant to the issues raised in this litigation, Plaintiff will provide such information subject to the entry of a Protective Order.

10. To the extent that any or all of the interrogatories or requests for documents call for information which constitutes information or material prepared in anticipation of litigation or for trial or for information or material covered by the work product doctrine, or which constitutes information which is privileged or related to the constitutional right of privacy (including the freedom of association and financial privacy), Plaintiff objects to each and every such Discovery Request and thus will not supply or render any information or material protected from discovery by virtue of the work product doctrine, the attorney-client privilege, or the right of privacy. Plaintiff further objects to providing the interrogatory information concerning documents withheld on the basis of privilege. Plaintiff will identify those documents in a manner consistent with the requirements of the Federal Rules of Civil Procedure.

11. The responses set forth below and the information Defendant provides therein are based upon information now available to Plaintiff after having made diligent efforts to ascertain information responsive to the specific requests. Defendant may, in the future, identify or determine additional information responsive to the Discovery Requests.

12. Plaintiff reserves the right at any time to revise, correct, add to, supplement, modify, or clarify the responses set forth below or the information contained therein, although Plaintiff does not hereby undertake to do so except to the extent required by the Federal Rules of Civil Procedure.

13. Plaintiff's counsel is prepared to confer with Defendants' counsel in an attempt to resolve any general or specific objections to Defendant's Discovery Requests.

## SPECIAL INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all persons with knowledge or who claims to have knowledge relating to any of the alleged facts, issues, claims, or defenses in this action, including, but not limited to, the fact that you brought this lawsuit, the allegations that you have suffered any measure of damages, and the circumstances preceding, precipitating, and post-dating your termination, and with respect to each such person, state what knowledge that person has or claims to have and identify any communications made between you and that person relating thereto. This Interrogatory includes, but is not limited to, former or current: friends; relatives; spouse(s); domestic partner(s); tax advisors; counselors; financial planners; Medical Professionals; customers, competitors, employees, contractors, or agents of Saputo; any local, state, or federal unit of government or any representative of such unit of government; any person with knowledge listed on Plaintiff's Initial Disclosures; or any other person.

**RESPONSE TO INTERROGATORY NO. 1**

Plaintiff objects to Interrogatory No 1 on the basis of the attorney-client privilege and work product doctrine. Plaintiff also objects that the interrogatory is compound, overbroad including as to temporal scope and seeks private information that is protected by Plaintiff's and other third parties' right to privacy.

Subject to and without waiving the above objections, Plaintiff responds: Pursuant to F.R.C.P. Rule 33(d), See **Exhibit A** to Plaintiff's Initial Disclosure served on January 10, 2022; see also declaration of Gordon Garske, bates Strohschein 000281-284 and completed questionnaire from Jane Tabor, bates Strohschein 000296 who was contacted by the WERD.

**INTERROGATORY NO. 2:** List any former or current Saputo employees with whom you have had any contact from March 16, 2020 through the present, and describe the nature of that communication, including but not limited to: the mode of communication, the time and location of the communication, the topics of any discussion, and any documents or other materials exchanged or relating to such communication.

**RESPONSE TO INTERROGATORY NO. 2**

Plaintiff objects to Interrogatory No 2 on the basis of the attorney-client privilege and work product doctrine. Plaintiff also objects that the interrogatory is compound, overbroad and seeks private information that is protected by Plaintiff's and other third parties' right to privacy.

Subject to and without waiving the above objections, Pursuant to F.R.C.P. Rule 33(d) see Declaration of Gordon Garske and other documents Plaintiff submitted to the WERC in support of his claims, documents bates numbered Strohschein 21-284, 296.

**INTERROGATORY NO. 3:** Describe in detail all efforts you have taken to obtain employment or other income-producing opportunities since your termination

5

from Saputo on March 16, 2020, through the time of trial, including without limitation, a detailed description of:

(a) The date of each of such efforts and the details and circumstances surrounding such efforts, including but not limited to whether they were successful and why;

(b) The name, address, telephone, or other contact information for any person or entity you contacted, and the name of the business organization with which such persons are associated;

(c) The position, if any, which you sought or were offered (including but not limited to the job title, description, responsibilities, compensation and benefits (tangible, intangible, in-kind, monetary, etc.), and whether you accepted or rejected this position and why.

**RESPONSE TO INTERROGATORY NO. 3**

Plaintiff objects to Interrogatory No 3 on the basis of the attorney-client privilege and work product doctrine. Plaintiff also objects that the interrogatory is compound, overbroad and seeks private information that is protected by Plaintiff's and other third parties' right to privacy.

Subject to and without waiving the above objections, Plaintiff responds: Plaintiff started employment with Veresco in Turtle Lake in early February 2022 as a forklift operator at $20.00/hour. Prior to that Plaintiff worked at Traditional Artisan from August 2020 until approximately early November 2020 then again about May 1, 2021 until approximately November 2021. The job was seasonal. He was paid $20/hour in 2020 and $22/hour in 2021. He did not receive benefits at either position.

**INTERROGATORY NO. 4:** State whether you have ever been involuntarily terminated from your employment with any employer other than Saputo, and if so, describe in detail all facts and circumstances related to the termination of your employment and the reason(s) for your termination.

**RESPONSE TO INTERROGATORY NO. 4**

Plaintiff objects to Interrogatory No 4 on the basis of the attorney-client privilege and work product doctrine. Plaintiff also objects that the interrogatory is compound, overbroad and seeks private information that is protected by Plaintiff's and other third parties' right to privacy.

Subject to and without waiving the above objections, Plaintiff responds: No

**INTERROGATORY NO. 5:** State whether you have applied for or received any wages, commissions, earnings, benefits, or other income from any source, including unemployment compensation, insurance payments, workers' compensation, social security benefits, temporary (short-term) disability benefits, long-term disability benefits, or any other payments or any other payments between March 16, 2020 to the time of trial. Also identify the source of such payments, the total amount received from each source and when, and the reason(s) why such payments were terminated, if applicable.

**RESPONSE TO INTERROGATORY NO. 5**

Plaintiff objects to Interrogatory No 5 on the basis of the attorney-client privilege and work product doctrine. Plaintiff also objects that the interrogatory is compound, overbroad and seeks private information that is protected by Plaintiff's and other third parties' right to privacy. Plaintiff also objects that the interrogatory seeks information not relevant to this matter given unemployment compensation and other remuneration sources identified do no offset Plaintiff's damages.

7

Subject to and without waiving the above objections, Plaintiff responds: Plaintiff was denied unemployment due to his termination from Saputo.

**INTERROGATORY NO. 6:** Identify any social media website (e.g., Facebook, Twitter, LinkedIn, YouTube, etc.), blog, website or other electronic medium of communications to which you have posted comments or content or through which you have messaged or otherwise communicated content, including all usernames you have used or do use for the communication media described here. For each such electronic medium of communication, identify: (1) whether you wrote about, discussed, sent or received messages about, received any information about, mentioned, or otherwise made any reference in any manner to Saputo or any of its officers, managers, employees, or agents, your employment with Saputo, or your claims in this lawsuit, and (2) the substance of those postings or messages.

**RESPONSE TO INTERROGATORY NO. 6**

Plaintiff objects to Interrogatory No 6 on the basis of the attorney-client privilege and work product doctrine. Plaintiff also objects that the interrogatory is compound, overbroad and seeks private information that is protected by Plaintiff's and other third parties' right to privacy. It also seeks information not relevant to this matter and is not commensurate with the scope of this matter.

Subject to and without waiving the above objections, Plaintiff responds: None

**INTERROGATORY NO. 7:** Identify each person who has been retained by you as an expert or consultant in anticipation of litigation or to provide testimony or other evidence in support of your position in this litigation, and for each such expert or consultant, state the subject matter upon which he/she is expected to testify, the

substance of the facts and opinions as to which he/she is expected to testify, and the grounds upon which each opinion is based.

**RESPONSE TO INTERROGATORY NO. 7**

Plaintiff objects to this interrogatory on the basis of the attorney-client privilege and work product doctrine. Plaintiff also objects that the interrogatory is vague, ambiguous and compound. Plaintiff also objects that this interrogatory is premature and protected by Plaintiff's right to prepare for trial and given expert disclosure has been set by the Court for October 28, 2022.

**INTERROGATORY NO. 8:** To the extent that you are claiming that you suffered emotional or any other form of distress as a result of Saputo's alleged conduct, (a) describe the nature of the alleged distress, indicating whether it is emotional and/or physical; (b) state whether you have sought professional advice or attention relating to the alleged distress and if so, identify each Medical Professional who has examined you or with whom you have consulted for treatment, counseling, or evaluation for any reason, stating for each the full name, address, and title of the Medical Professional, the dates and places of treatment, the reasons for consultation, the diagnosis, and the course of recommended treatment; and (c) identify all documents relating to the foregoing answers.

**RESPONSE TO INTERROGATORY NO. 8**

Plaintiff objects to this interrogatory on the basis of the attorney-client privilege and work product doctrine. Plaintiff also objects that the interrogatory is vague, ambiguous and compound. Plaintiff also objects that his medical records are not within his possession, custody or control but instead, are within the possession, custody and control of his treating physicians.

Plaintiff also objects that the interrogatory violates his right to privacy and his medical privacy as well as the potential privacy rights of other third parties.

Subject to and without waiving the above objections, Plaintiff responds: Plaintiff's emotional distress was and continues to be substantial in nature. Plaintiff devoted over thirty-six years to Defendant Saputo. After extended employment, Plaintiff was devasted by his wrongful and sudden termination. Plaintiff disagreed with his termination including the reasons for his termination and believes it was discriminatory. His sleep was adversely affected causing him sleeplessness since then. Plaintiff spoke with his treating physician, John Cockran M.D. in Cumberland, WI regarding this sleeplessness; however, the prescriptions prescribed did not help him sleep better. He's become depressed and worries regarding his future employment including because his current rate of pay is less than he earned at Saputo including his rate of pay, bonuses and benefits. His self-esteem has plummeted. Losing the employment changed his outlook on life as well as his plans financially in that he is now unable to put monies away for retirement. It is difficult for Plaintiff to keep a positive attitude.

Given the suddenness of his termination based on false accusations and his inability to find alternative employment and resulting financial hardship for himself and his family, Plaintiff's emotional distress is severe and continues to this day.

Plaintiff talked to his treating physician regarding his emotional distress, John Cochran M.D. at Cumberland Memorial Hospital in Cumberland, WI. Any and all medical records would be in Dr. Cochran's possession, custody and control.

/ / /

/ / /

## VERIFICATION FOR INTERROGATORIES

I, DARYL STROHSCHEIN, hereby declare:

I am the Plaintiff in this matter.

I have read the foregoing **PLAINTIFF DARYL STROHSCHEIN'S OBJECTIONS AND RESPONSES TO DEFENDANT SAPUTO CHEESE USA, INC.'S FIRST SET OF INTERROGATORIES** and know the contents thereof. Based on the information available to me, I believe that the matters stated therein are true and accurate to the best of my knowledge, information and belief and on that ground declare under penalty of perjury under the laws of the State of Wisconsin that the same are true and correct.

Dated: April 15, 2022

[VICKI L. HAGSTOTZ
NOTARY PUBLIC
STATE OF WISCONSIN]

_____
DARYL STROHSCHEIN

Subscribed and sworn to before me:

_____
Notary Public, State of Wisconsin
My commission: 4-3-2026

## AS TO THE OBJECTIONS AND RESPONSES TO INTERROGATORIES

Dated April 15, 2022

By: /s/ Beth A Huber, SBN (1120263)

Huber Law Firm LLC
*Attorney for Plaintiff*
*Daryl Strohschein*
N1131 County Road L
Watertown, WI 53098
Cell: (415) 497 9173
Fax: (920) 542-6090
Email: bhuber@huberlawfirm.net

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2022, a true and correct copy of the foregoing PLAINTIFF DARYL STROHSCHEIN'S OBJECTIONS AND RESPONSES TO DEFENDANT SAPUTO CHEESE USA, INC.'S FIRST SET OF SPECIAL INTERROGATORIES was served via email to counsel for Defendant.

Vicki L Hagstotz
Legal Assistant
Huber Law Firm LLC