# EXHIBIT N

# Peterson, Emily M.

| | |
|---|---|
| **From:** | Peterson, Emily M. |
| **Sent:** | Friday, July 22, 2022 9:50 AM |
| **To:** | 'beth huber' |
| **Cc:** | Salman, Tanya M (20122); Johnson, Bayley F.; McRee, Elizabeth B.; Till, Chelsea A.; Vicki Hagstotz; elizabeth erickson |
| **Subject:** | RE: Markgren & Strohschein v. Saputo - Discovery, Scheduling |

Beth,

Thanks for the below updates. I think we still have some outstanding questions to address.

1. **Witnesses with knowledge.** Saputo has repeatedly asked you to identify, in detail, what purported knowledge the witnesses outlined in your initial disclosures have about each Plaintiff's case. Markgren named 41 witnesses in his initial disclosures but did not provide information regarding what knowledge these witnesses purportedly have; Strohschein named 31 witnesses in his initial disclosures but similarly provided no information regarding these witnesses' purported scope of knowledge. *See* Fed. R. Civ. P. 26(a)(1)(A)(i). Plaintiffs both ignored the portion of Saputo's Interrogatory No. 1 similarly seeking that they provide information regarding what these witnesses supposedly know. These responses need to be supplemented.
2. **Third-party communications.** Saputo has knowledge that you and/or your clients have communicated with third parties in this matter, including some Saputo employees. Reading between the lines, you seem to be saying that no records of such communications exist. Please either confirm that you or your clients have not communicated in writing (including via social media or text message) with any third parties regarding this case, or produce all responsive communications.
3. **Records regarding mitigation.** You have not responded to our deficiency letter as it relates to any efforts Plaintiffs have taken to mitigate their damages. Although you have indicated that Strohschein has worked two jobs since Saputo discharged him, you provide virtually no records related to that work sufficient for Saputo to evaluate his efforts to mitigate his damages, including but not limited to, applications, communications with employers and/or references, records regarding jobs sought but not received, etc.
4. **Medical records.** Please send the documents in your possession today. In addition, please read our deficiency letter and confirm that you have produced *all* medical records from all relevant providers, or provide authorizations so we can subpoena the relevant records. This request is not limited to Markgren; Strohschein also claims "severe" emotional distress damages. *See Delyon v. Wal-Mart Stores, Inc.*, 2007 WL 5414905, at *2 (W.D. Wis. Nov. 16, 2007) (Crocker, M.J.) ("Plaintiff appears to be claiming damages for emotional distress, lost back pay and lost front pay. Therefore, defendant is entitled to review, in confidence, plaintiff's medical records, records relating to unemployment compensation, and plaintiff's tax returns.").
5. **Tax returns.** Finally, you state that you will not produce Plaintiffs' tax returns unless you are shown some authority requiring you to do so. Defendants propounded valid document requests for Plaintiffs' tax returns, essentially for the determination and validation of Plaintiffs' asserted damages. You have cited no authority for the proposition that you can withhold them; please produce them as soon as possible. *See Begolli v. Home Depot*, 2014 WL 320071 (W.D. Wis. Jan. 29, 2014) (affirming discovery order of Magistrate Judge Crocker, and noting that Judge Crocker explained to plaintiff at a hearing "in great detail why it was appropriate for defendant to ask for and obtain discovery such as medical records [and] tax returns."); *Hedin v. Sue Vinjue Trucking, Inc.*, 2009 WL 192450, at *1 (W.D. Wis. 2009) (Crocker, M.J.) (granting defendant's motion to compel four years of Plaintiffs' tax returns because they are relevant to the determination of damages); *Scheffler v. Cty. of Dunn*, 2009 WL 1249291 (W.D. Wis. May 6, 2009) (Crocker, M.J.) (compelling production of three years of tax returns because they are relevant to a claim for lost wages); *Grasso v. Bakko*, 2009 WL 224022, at *2 (W.D. Wis. Jan. 29, 2009) (Crocker, M.J.) (granting motion to compel plaintiff to sign authorization forms to release tax returns because they are relevant to plaintiff's damages claim); *Woodard v. Rock Cty., Wis.*, 16 F.3d 1226 (7th

Cir. 1994) (affirming district court dismissal of plaintiff's claims when plaintiff refused to produce tax returns in response to valid discovery requests).

6. **Availability.** We also asked you to confirm that you will indeed be unavailable to prosecute your case for a five-week period immediately before Saputo's summary judgment brief is due. We are not aware of any authority that permits you to seek sanctions if Saputo litigates this case in its own defense during this period.
7. **Depositions.** Please identify dates for which your clients are available for deposition during the first two weeks of August.

Please let me know if you have any questions or would like to discuss. As we noted, we plan to move to compel on Monday if we cannot resolve these issues by the end of the week because time is of the essence. But we will later withdraw the motion if we receive satisfactory responses.

-Emily

Emily M. Peterson
Associate
**JONES DAY® - One Firm Worldwide℠**
90 South Seventh Street, Suite 4950
Minneapolis, MN 55402
Office +1.612.217.8855

---

**From:** beth huber <bhuber@huberlawfirm.net>
**Sent:** Thursday, July 21, 2022 6:40 PM
**To:** Peterson, Emily M. <epeterson@jonesday.com>
**Cc:** Salman, Tanya M (20122) <tmsalman@michaelbest.com>; Johnson, Bayley F. <bfjohnson@jonesday.com>; McRee, Elizabeth B. <emcree@JonesDay.com>; Till, Chelsea A. <ctill@jonesday.com>; Vicki Hagstotz <vhagstotz@huberlawfirm.net>; elizabeth erickson <eerickson@huberlawfirm.net>
**Subject:** RE: Markgren & Strohschein v. Saputo - Discovery, Scheduling

**\*\* External mail \*\***

Counsel,

My assistant just informed me that the medical records were not yet produced that we have bates stamped. I apologize. We will send them either tomorrow or Monday at the latest.

Beth Huber

---

**From:** beth huber
**Sent:** Thursday, July 21, 2022 5:44 PM
**To:** 'Peterson, Emily M.' <epeterson@jonesday.com>
**Cc:** 'Salman, Tanya M (20122)' <tmsalman@michaelbest.com>; 'Johnson, Bayley F.' <bfjohnson@jonesday.com>; 'McRee, Elizabeth B.' <emcree@JonesDay.com>; 'Till, Chelsea A.' <ctill@jonesday.com>; Vicki Hagstotz <vhagstotz@huberlawfirm.net>; elizabeth erickson <eerickson@huberlawfirm.net>
**Subject:** RE: Markgren & Strohschein v. Saputo - Discovery, Scheduling

Counsel,

First, no documents were withheld based on privacy or any privilege. That addresses half of your meet and confer letter. If our response to the discovery said "subject to and without waiving…Plaintiff will produce" any documents responsive were produced.

Second, we produced Mr. Markgren's medical records but will produce them again. We will double check physicians previously identified and will double check with the clients as to whether or not additional medical records but I doubt it.

Third, Mr. Markgren has been on disability since being terminated. His emotional distress is related to his inability to work but that's because his wrongful termination put him into a tailspin and he is on disability which means, he's not working.

As for the illegible documents, those are how we received them from the WERD so we will have to request another copy from it.

We will not produce tax returns without supporting authority that they in fact, are required.

Beth Huber

---

**From:** beth huber
**Sent:** Wednesday, July 20, 2022 10:38 AM
**To:** 'Peterson, Emily M.' <epeterson@jonesday.com>
**Cc:** Salman, Tanya M (20122) <tmsalman@michaelbest.com>; Johnson, Bayley F. <bfjohnson@jonesday.com>; McRee, Elizabeth B. <emcree@JonesDay.com>; Till, Chelsea A. <ctill@jonesday.com>; Vicki Hagstotz <vhagstotz@huberlawfirm.net>; elizabeth erickson <eerickson@huberlawfirm.net>
**Subject:** RE: Markgren & Strohschein v. Saputo - Discovery, Scheduling

Emily,

I have started a response to the meet and confer letter re discovery and will do my best to finalize it tomorrow.

Beth

---

**From:** Peterson, Emily M. <epeterson@jonesday.com>
**Sent:** Monday, July 18, 2022 5:06 PM
**To:** beth huber <bhuber@huberlawfirm.net>
**Cc:** Salman, Tanya M (20122) <tmsalman@michaelbest.com>; Johnson, Bayley F. <bfjohnson@jonesday.com>; McRee, Elizabeth B. <emcree@JonesDay.com>; Till, Chelsea A. <ctill@jonesday.com>; Vicki Hagstotz <vhagstotz@huberlawfirm.net>; elizabeth erickson <eerickson@huberlawfirm.net>
**Subject:** Markgren & Strohschein v. Saputo - Discovery, Scheduling

Counsel,

Please see the attached correspondence regarding discovery and scheduling matters related to *the Markgren & Strohschein v. Saputo* litigation.

Thank you,

Emily

Emily M. Peterson
Associate
**JONES DAY® - One Firm Worldwide℠**
90 South Seventh Street, Suite 4950

Minneapolis, MN 55402
Office +1.612.217.8855
Mobile +1.612.251.7396

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***