IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PETER MARKGREN

           Plaintiff,

v.

SAPUTO CHEESE USA INC.,

           Defendant.

ORDER

21-cv-429-jdp

On February 1, 2023, this court denied plaintiff's second motion to compel discovery (dkt. 42) and ordered cost shifting pursuant to Rule 37(a)(5)(B). Dkt. 70. Defendant filed a request for $30,402, representing 45.3 hours of work by a partner and an associate, with the associate doing most of the work. *See* dkt. 79-1. The partner bills at $765/hr., the associate at $630/hr., rates that defendant is paying in this lawsuit. *See* dkt. 79 at ¶ 12.

In opposition to this request, plaintiff first argues that the discovery requests underlying his motion to compel were justified based on his view of the facts underlying his lawsuit. The court found otherwise in its February 1 order, concluding that the information plaintiff sought was temporally and substantively irrelevant and was disproportionate to the needs of this case. The court noted in this same order that defendant's long, detailed response to plaintiff's motion refuted each of plaintiff's myriad demands; in light of this, I am not surprised at the amount of time spent by defendant's attorneys responding to plaintiff's motion. This is the sort of diligence and thoroughness that defendant was paying for at hourly rates that are routine for the type of services these attorneys provide in the market in which they practice.

Nothing in plaintiff's objection to the court's cost-shifting order affects any of this. What plaintiff needs to keep in mind is that cost shifting under Rule 37(a)(5)(A) is not a sanction: the rule serves a "loser pays" function, designed to put the prevailing party back into the financial

position it was in before being drawn into discovery motions practice. *See Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 786-87 (7th Cir. 1994). Bad faith is irrelevant to this determination.

This segues to plaintiff's invocation of Title VII, the ADA and the ADEA to argue that this court cannot award costs in this situation. This is apples-to-oranges. Rule 37(a)(5)(B) has its own standard for determining whether to award costs incurred in a discovery dispute: the court may not shift such costs if the losing motion was substantially justified or if other circumstances make an award of expenses unjust. This is the standard that the court is employing here. Following the applicable discovery rule to determine cost shifting in a discovery dispute does not "violate the established public policy under Title VII, the ADA and the ADEA" as plaintiff contends. *See* dkt. 80 at 11.

This in turn segues to plaintiff's more on-point arguments: that defendant provided some of the requested discovery after he filed his motion, that the hourly rates charged by defendant's law firm are significantly higher than those charged in rural Wisconsin, and that plaintiff's lawsuit presents "the classic case of David v Goliath." Dkt. 80 at 11. Plaintiff's attorney proffers that paying the amount requested by defendant would impose a significant financial burden for plaintiff and/or his attorney, "which could wipe out any savings either may have." *Id.; see also* Declaration of Beth Huber, dkt. 81 (detailing plaintiff's financial situation and his contingent fee arrangement with counsel). This argument resonates somewhat with the court, notwithstanding defendant's citation to case law supporting its contention that it is entitled to be reimbursed at the rate it has chosen to pay its attorneys in this lawsuit.

Although it would not be "unjust" for the court to award defendant all or substantially all of its claimed costs on plaintiff's losing discovery motion, I'm not going to do that because

2

this strikes the court as overkill. True, in this lawsuit plaintiff and his attorney could be accused of serial overkill: in their spaghetti-against-the-wall complaint (most of which the court threw out in its May 19, 2023 summary judgment order, dkt. 116); in their approach to summary judgment (which the court has rebuked, *see id.* at 2-4); and in their approach to discovery, which this court rejected in its February 1, 2023 order.[1] Further, their David-versus-Goliath analogy only goes so far, given that plaintiff threw a lot of stones that should have stayed on the ground. Three of plaintiff's four claims are gone; only his failure-to-accommodate claim remains.

I will use plaintiff's 25% survival rate on his substantive claims as an equitable benchmark to account for his claim of "significant burden": the court will shave 25% off of defendant's claimed expenses, which drops the claim to $22,801.50. Further, although plaintiff does not attempt to quantify his claim that "Defendant provided some of its responses *after* Plaintiff filed his motion to compel" (dkt. 80 at 10, emphasis in the original), I will nonetheless give plaintiff the benefit of the doubt and deduct about three more hours of attorney time from defendant's claim, rounding down to $20,000 even.

In sum, considering the totality of circumstances, I find that defendant reasonably incurred $30,402 in expenses responding to and defeating plaintiff's motion to compel, but that the totality of circumstances would make it unjust to shift more than $20,000 of those expenses.

---

[1] Judge Peterson ruled in defendant's favor on the two pending discovery motions, dkts. 108 and 114, mainly on the ground that they were mooted by his summary judgment rulings (*see* dkt. 116 at 25-26), so I am not taking them into account when deciding the amount of cost shifting.

ORDER

Pursuant to Rule 37(a)(5)(B) and for the reasons stated above, it is ORDERED that plaintiff and his attorney are jointly and severally liable to pay $20,000 to defendant and its law firm not later than June 21, 2023.

Entered this 22nd day of May, 2023.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge