# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

PETER MARKGREN,

      Plaintiff,

   v.                                  Case No. 3:21-cv-00429-jdp

SAPUTO CHEESE USA INC.

      Defendant.

**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE # 1-5**

## TABLE OF CONTENTS

**Defendant's Response to Plaintiff's Motion In Limine #1**.................................................. 4
**Defendant's Response to Plaintiff's Motion In Limine # 2**................................................. 9
**Defendant's Response to Plaintiff's Motions In Limine # 3 and 5**................................... 9
**Defendant's Response to Plaintiff's Motion In Limine # 4**............................................... 12

Defendant respectfully requests this Court deny Plaintiff's Motions in Limine # 1-5. Defendant hereby submits the following Memorandum in support of its opposition to Plaintiff's Motions in Limine.

## STANDARD

As a general rule, district courts have broad discretion in ruling on motions in limine, but evidence should not be excluded unless it is "clearly inadmissible on all possible grounds." *Anglin v. Sears, Roebuck & Co.*, 139 F. Supp. 2d 914, 917 (N.D. Ill. 2001); *accord Ley v. Wis. Bell, Inc.*, No. 09–C–1108, 2011 WL 4729764, at *1 (E.D. Wis. Oct. 5, 2011).

Under Fed. R. Evidence 402, only relevant evidence is admissible. "Relevant evidence" includes evidence that has "*any* tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401 (emphasis added). The definition of "relevance" is very broad, and it is a "low threshold" to satisfy. *United States v. Boswell*, 772 F.3d 469, 475 (7th Cir. 2014). If evidence meets that low relevance threshold and it is not barred by some other statute or rule, it is admissible under Rule 402. *Hardy v. City of Milwaukee*, 88 F. Supp. 3d 852, 862 (E.D. Wis. 2015).

Relevant evidence may be excluded, among other reasons, if "its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. However, the Seventh Circuit has underscored that, because "most relevant evidence is, by its very nature, prejudicial, . . . evidence must be *unfairly* prejudicial to require exclusion." *United States v. Hanna*, 630 F.3d 505, 511 (7th Cir. 2010) (quotation omitted) (emphasis in original). "Evidence is unfairly prejudicial only to the extent that it will cause the jury to decide the case on improper grounds." *United States v. Khan*, 771 F.3d

3

367, 377 (7th Cir. 2014) (quotation omitted). This requires a balancing test because "[t]he amount of prejudice that is acceptable varies according to the amount of probative value the evidence possesses." *Boswell*, 772 F.3d at 476 (citation omitted).

**Defendant's Response to Plaintiff's Motion In Limine #1**

In his first motion in limine, Plaintiff seeks to exclude an excel spreadsheet Defendant produced, which reflects Defendant's budget for various maintenance projects from 2014 to 2024. (*See* Dkt. 119-7.) Contrary to Plaintiff's assertions, this document is admissible and not unfairly prejudicial.

As a threshold matter, Plaintiff fails to explain why this spreadsheet is purportedly irrelevant. To the contrary, this budget spreadsheet is relevant and highly probative because it provides information regarding the cost of adding HVAC to the South Plant, including specifically to the lower make area, where Plaintiff worked. Given that Plaintiff contends that installing air conditioning or a larger exhaust fan would have been a reasonable accommodation, the cost of HVAC improvements is directly relevant to Defendant's undue hardship considerations. *See Oconomowoc Residential Programs v. City of Milwaukee*, 300 F.3d 775, 784 (7th Cir. 2002) (holding an accommodation is "unreasonable if it imposes undue financial or administrative burdens or requires a fundamental alteration in the nature of the program"); Plaintiff's Proposed Jury Instruction No. 17, Undue Hardship Defense (instructing the jury to consider the "cost of the accommodations" and "the impact that the accommodation would have on its operations and costs").

Plaintiff also takes issue with the fact that the spreadsheet does not "state that any of these projects were put in the budget in response to Mr. Markgren's requests for reasonable accommodations related to his disabilities." (Dkt. 118 at 6.) Plaintiff cites to no case law for this standard. *See Blue v. Int'l Broth. of Elec. Workers, Local* 159, 2010 WL 2990766, at *1 (W.D. Wis. July 27, 2010) (denying motion to exclude evidence when party failed to cite any legal authority to support its contention). Rather, under the standard articulated by the Seventh Circuit, Defendant must show only that the requested accommodation would have resulted in an undue hardship. *See Oconomowoc Residential Programs*, 300 F.3d at 784. There is no additional requirement that the employer must also show that it specifically considered the request at the time Plaintiff made it. *See id.* Accordingly, the spreadsheet is highly probative.

The spreadsheet's highly probative value is not substantially outweighed by any of the alleged prejudices that Plaintiff identifies. Fed. R. Evid. 403.

First, Plaintiff baselessly claims that the spreadsheet is incomplete, and therefore would be unfairly prejudicial. Rule 106, which governs the completeness of evidence, does not support Plaintiff's contention. Rather, Rule 106 provides, "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." Plaintiff does not and cannot contend that any information was omitted from the spreadsheet—which is

5

included in its entirety at Exhibit 530.[1] *See Tarpoff v. United States*, No. 09–CV–00411, 2011 WL 1205725, at *1 (S.D. Ill. Mar. 10, 2011) (denying motion in limine when "Defendant does not say which pages are missing or, in particular, why in fairness they ought to be considered.").

Moreover, the question is whether the document is relevant and has the tendency to prove or disprove any matters of consequence to Plaintiff's accommodation claim, not whether it provides *all* the information Plaintiff desires. *See, e.g.*, *Boswell*, 772 F.3d at 475 (defining relevance as very broad and a low threshold to satisfy). As set forth above, the spreadsheet is relevant to Plaintiff's claim because it evidences the cost of such accommodations, and therefore has the tendency to show that Plaintiff's requested accommodation would have imposed an undue financial and administrative burden on Defendant's business. To the extent that Plaintiff believes that other factors are relevant, Plaintiff may elicit additional information about the spreadsheet during his in-court examination of Mr. Miller. He is therefore not prejudiced by this document.

Second, as Defendant identified in its exhibit list, David Miller is able and qualified to testify about the budget spreadsheet. [2] (Dkt. 138.) Mr. Miller's job description,

---

[1] Plaintiff's arguments that additional information would be helpful do not make this document inadmissible. Moreover, many of Plaintiff's arguments are inapposite. For example, the cost of a capital improvement is not relevant to whether Plaintiff's requested accommodation would have posed an undue hardship. (*See, e.g.*, Dkt. 118 at 6 (arguing that spreadsheet did not contain information about the cost to build the 2017 plant)). The relevant question is the proportionality of the cost of the requested accommodation to its benefit. *See Oconomowoc Residential Programs*, 300 F.3d at 784.

[2] It is not clear how Mr. Miller's ability to testify about the spreadsheet relates to any potential prejudice to Plaintiff, but nonetheless, Mr. Miller is competent to lay a

6

produced to Plaintiff on July 11, 2022, shows that his responsibilities as Plant Manager included "provid[ing] strategic leadership and direction to the plant in all areas of responsibility, including administration, . . . maintenance, . . . safety and environmental." (Dkt. 42 at 2; Parker Decl. ¶ 2, Ex. A.) His essential functions included: "Develop[ing] plant's annual budget. . . . Monitor[ing] and control[ling] plant costs in comparison to budgetary objectives." (Parker Decl. ¶ 2, Ex. A.)  Moreover, Defendant's Supplemental Disclosures reflect that Mr. Miller has information regarding "infrastructure and improvements at the Almena Facility; direction of plant administration, production, processing, quality, maintenance, purchasing, and safety; . . . [and] information related to the responsibilities outline in the Plant Manager job description." (Parker Decl. ¶ 5, Ex. D.)

Third, Plaintiff provides no support or standard for his request that the Court exclude the budget spreadsheet based on when it was produced—undisputedly within the discovery period. While Plaintiff claims that the spreadsheet should have been produced earlier in discovery, the facts do not bear that out. Plaintiff first sought documents relating to undue hardship in his second set of Requests for Production of Documents, served on January 30, 2023—more than one year into discovery. Accordingly, Defendant's written responses were due on March 1, 2023.  Plaintiff timely responded,[3] and produced responsive documents on a rolling basis, from February 15,

---

foundation for the authenticity and admissibility of the document (and the information contained therein) at trial.

[3] Defendant served written responses on February 15, 2023, before they were due under the rules. (Dkt. 119-2.) Plaintiff claims to have not received the responses until

2023 through May 19, 2023. (Parker Decl. ¶¶ 3-4, Exs. B, C.) Moreover, Defendant produced this document contemporaneously with its meet and confer efforts with Plaintiff, and timely upon discovering that it existed. (Dkt. 119-7.)

Moreover, contrary to Plaintiff's assertion in his motion, and while not required to do so, Defendant offered Plaintiff the opportunity to depose a witness in relation to this document on June 5, 2023. (Dkt. 119-9.)[4] Plaintiff's counsel, however, *never* followed up to schedule the deposition. (Parker Decl. ¶ 6.) Prior to May 19, 2023, Plaintiff did not request that Defendant produce a witness on the subject of the cost of Plaintiff's alleged accommodation requests. Nor did Plaintiff ask Mr. Miller any questions during his deposition regarding whether he considered adding air conditioning or otherwise modifying the ventilation in the South Plant, despite the fact that the Plant Manager job description evidenced his knowledge of these topics. (*Id.*) Plaintiff cannot now complain that he is prejudiced by production of this document when Defendant gave him the opportunity to depose the witness and answer the questions he now asks.

Accordingly, the Court should deny Plaintiff's first motion in limine.

---

March 9, 2023, when Defendant pointed Plaintiff to its prior service, upon request. (Dkt. 119; Parker Decl. ¶ 4, Ex. C.)

[4] Plaintiff complains that Saputo did not produce a different witness (Jim Burdick) for a deposition that was first requested 10 days before the close of discovery, when Mr. Burdick was unavailable. That issue is entirely unrelated to the matter before the Court, and Plaintiff in fact never noticed Mr. Burdick's deposition.

8

**Defendant's Response to Plaintiff's Motion In Limine # 2**

Plaintiff seeks to exclude the initial no probable cause determination issued by the Wisconsin Equal Rights Division in response to Plaintiff's discrimination charge against Defendant. (Dkt. 120.) To the extent that Plaintiff does not reference or address his administrative complaint filed against Saputo, Defendant does not intend to address the outcome of the complaint. (*But see* Dkt. 146, Ex. 2.) But if Plaintiff introduces information regarding the allegations in his administrative complaint or the administrative proceedings, Defendant should be permitted to introduce evidence related to the outcome of Plaintiff's complaint. *See Phillips v. Mega Concrete Constr., LLC*, 2022 WL 910265, at \*4 (W.D. Wis. Mar. 29, 2022) (Peterson, J.) (granting plaintiff's motion in limine excluding no probable cause determination and stating that if plaintiff intends to introduce the complaint at trial, he should raise that issue at the final pretrial conference).

Plaintiff cannot have it both ways. He cannot introduce evidence of the administrative proceedings and then seek to preclude Defendant from doing the same. *See Phillips v. Mega Concrete Constr., LLC*, 2022 WL 1014495, at \*4 (W.D. Wis. Apr. 5, 2022) ("But the court agrees with the defendants that [plaintiff] can't have it both ways. If he believes that it is important to introduce evidence about the ERD's investigation, then it will only be fair to allow defendants to submit evidence about how the administrative proceedings were resolved.").

**Defendant's Response to Plaintiff's Motions In Limine # 3 and 5**

Plaintiff seeks to exclude evidence regarding the FMLA leaves of absence he took while employed and evidence of his medical records relating to his workers'

9

compensation injuries and sciatica. (Dkts. 122; 124 at 2-4.) While introducing extensive medical records regarding Plaintiff's back condition and depression would be prejudicial to Defendant and may confuse the jury regarding Plaintiff's requested accommodations, (*see* Dkt. 144 at 8-9), excluding *any* discussion of Saputo's numerous efforts to accommodate Plaintiff would also be unfairly prejudicial to Saputo. Accordingly, evidence of Plaintiff's numerous requests for medical leave, Saputo's accommodation of those leaves, Plaintiff's restrictions (or lack thereof) on his return to work, and Saputo's accommodations of those needs are all relevant to Plaintiff's failure to accommodate claim.

Although the specific details of Plaintiff's numerous conditions are less probative, Plaintiff's heat restriction should not be viewed in a vacuum. Plaintiff's medical records, FMLA leaves, and return-to-work forms provide the jury with important context for Defendant's understanding of Plaintiff's limitations. *See, e.g., Taylor-Novotny v. Health Alliance Med. Plans, Inc.*, 772 F.3d 478, 494 (7th Cir. 2014) (holding that "[t]he language of the ADA itself demonstrates that a reasonable accommodation is connected to what the employer *knows* about the *specific limitations* affecting an employee who is a qualified individual with a disability" (quotation omitted) (emphases added)). Each time that Plaintiff returned to work after he took FMLA leave, he provided Defendant with documentation that outlined whether he had work restrictions. (*See* Saputo's Proposed Exs. 540-43, 547, 553, 557-58, 560-67.) These return-to-work forms and medical records informed Defendant of Plaintiff's ability to work with or without restrictions, which is relevant to Plaintiff's remaining accommodation claim.

Again, while excessive testimony regarding the exact nature of Plaintiff's various medical conditions would not be beneficial to the jury, it is helpful to the jury to have a broader understanding of Plaintiff's limitations and Defendant's accommodation efforts. Therefore, excluding Plaintiff's FMLA leaves and medical records wholesale is unfairly prejudicial to Defendant.

Additionally, this evidence is relevant because Plaintiff claims that he is entitled to punitive damages. (Dkt. 127 at 7.) Punitive damages are available for violations under the ADA if the employer discriminated "with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1); *see also, e.g.*, *Gile v. United Airlines, Inc.*, 213 F.3d 365 (7th Cir. 2000) (affirming punitive damages awards based on employers acting with malice or reckless indifference); *Tincher v. Wal–Mart Stores, Inc.*, 118 F.3d 1125 (7th Cir. 1997). The punitive damages standard requires Plaintiff to show that Defendant "discriminated in the face of a perceived risk that its actions will violate federal law." *Gile*, 213 F.3d at 375 (quoting *Kolstad v. Am. Dental Assoc.*, 527 U.S. 526, 534–38 (1999)). "A plaintiff may satisfy this element by demonstrating that the relevant individuals knew of or were familiar with the antidiscrimination laws and the employer's policies for implementing those laws." *Bruso v. United Airlines, Inc.*, 239 F.3d 848, 858 (7th Cir. 2001). But an employer may still avoid liability for punitive damages if it can show that it engaged in good faith efforts to implement an antidiscrimination policy. *Id.*

The manner in which Defendant treated Plaintiff's FMLA leaves is relevant to whether Defendant was aware of antidiscrimination laws and whether it engaged in

11

good faith efforts to implement its antidiscrimination policies. Therefore, this evidence has the tendency to make the fact that Defendant did not act with malice or reckless indifference more probable than it would be without the evidence. Fed. R. Evid. 401; *but see, e.g.*, *EEOC v. Autozone, Inc.*, 707 F.3d 824, 835–36 (7th Cir. 2013) (approving punitive damages award in ADA case where defendant's disability coordinator "was dismissive" of plaintiff's repeated accommodation requests). Plaintiff's FMLA leaves are thus also relevant to and probative of Plaintiff's punitive damages claim.

For these reasons, the Court should deny Plaintiff's third and fifth motions in limine.

**Defendant's Response to Plaintiff's Motion In Limine # 4**

Plaintiff seeks to exclude evidence that he received Social Security Disability benefits during his employment and after his employment ended. (Dkt. 123.) He contends that his benefits are irrelevant to his damages because they are a collateral source and have no bearing on "whether or not he could have performed his duties and responsibilities for Saputo, with or without accommodations." (Dkt. 123 at 1, 3.)

On the contrary, Plaintiff's receipt of Social Security Disability benefits is admissible evidence because it has the tendency to show that Plaintiff was unable to work for the periods during which he received benefits and is thus not entitled to lost wages. The Seventh Circuit has held that "[t]he SSA finding, however, is *not irrelevant* to the ADA determination. It is *some* evidence of the plaintiff's ability to perform the essential functions of a job." *Flowers v. Komatsu Min. Sys., Inc.*, 165 F.3d 554, 557 (7th Cir. 1999) (emphases added). The benefits Plaintiff received are relevant to his claim that he was

12

unable to work and are probative of that point. *See* Fed. R. Evid. 401. Notably, the cases Plaintiff cited in his motion in limine *support* Defendant's position that the Social Security Disability benefits is relevant to Plaintiff's qualifications and damages analysis. *See, e.g.*, *Weigel v. Target Stores*, 122 F.3d 461, 467-68 (7th Cir. 1997) (holding that employee representations that they are "totally disabled" or "wholly unable to work" is relevant evidence of the extent of a plaintiff's disability); *Flowers*, 165 F.3d at 557. Plaintiff's receipt of Social Security Disability benefits is thus admissible, relevant evidence.

Moreover, Plaintiff cannot take the position in his Social Security Disability benefits application that he is unable to work and thereby receive disability benefits and then take the opposite position in this case and seek lost wages. *See, e.g.*, *DeGuiseppe v. Vill. of Bellwood*, 68 F.3d 187, 191 (7th Cir. 1995) (holding that judicial estoppel prevents plaintiff from telling his pension hearing board that he was disabled and unable to work, and later telling the court that he was not disabled); *Best v. Shell Oil Co.*, 4 F. Supp. 2d 770, 772-73 (N.D. Ill. 1998) (estopping plaintiff from recovering back pay for period in which he represented he was incapable of working); *Flowers*, 165 F.3d at 557-58 (remanding trial court's award of back pay to reduce for periods when plaintiff's claimed total disability resulted in benefits awarded by the Social Security Administration); *Bhd. of R.R. Signalmen v. Louisville & Nashville R.R. Co.*, 688 F.2d 535, 537 (7th Cir. 1982) ("We find it anomalous that an employee can claim to be permanently and totally disabled, obtain a certification to that effect, and collect sickness and disability payments and, at the same time, seek his employer to reinstate him to his former position with back pay for time lost.").

The fact that Plaintiff is receiving Social Security Disability benefits is admissible evidence because it is relevant to the question of whether Plaintiff could still be working now if, as he argues, Defendant had accommodated him and whether he is entitled to back pay. Plaintiff has failed to show that the probative value of his Social Security Disability benefits is substantially outweighed by any alleged prejudice. *See* Fed. R. Evid. 403. The Court should therefore deny Plaintiff's fourth motion in limine.

## CONCLUSION

With the exception of Plaintiff's Motion in Limine # 2—which Defendant conditionally opposes—the Court should deny Plaintiff's motions in limine because the evidence he seeks to exclude is admissible as relevant and probative. *See* Fed. R. Evid. 401. Moreover, Plaintiff has failed to show that any evidence is clearly inadmissible or that he would be unfairly prejudiced by its introduction. Accordingly, Plaintiff's motions in limine must be denied.

Date: June 14, 2023   */s/ Kristin Berger Parker*
Elizabeth McRee
IL State Bar No. 6275501
Jones Day
77 W. Wacker Drive, Suite 3500
Chicago, IL 60601
Telephone: (312) 782 3939
Email: emcree@jonesday.com

Kristin Berger Parker
MN State Bar No. 0389249
Email: kparker@jonesday.com
Bayley F. Johnson
MN State Bar No. 0400325
Email: bfjohnson@jonesday.com
Jones Day
90 South Seventh Street, Suite 4950
Minneapolis, MN 55402
Telephone: 612-217-8800

Chelsea A. Till
TX State Bar No. 24115858
Email: ctill@jonesday.com
Jones Day
2727 North Harwood Street, Suite 500
Dallas, TX 75201
Telephone: 214-969-3939

Tanya M. Salman
WI State Bar No 1089151
Michael Best & Friedrich LLP
One South Pinckney St., Suite 700
PO Box 1806
Madison, WI 53701-1806
Telephone: (608) 257 3501
Facsimile: (608) 283 2275
tmsalman@michaelbest.com

**ATTORNEYS FOR DEFENDANT**